NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEGASUS BLUE STAR FUND, LLC, | Hon. Harold A. Ackerman |
| Plaintiff, | Civil Action No. 08-1533 (HAA) |
| v. | **OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| CANTON PRODUCTIONS, INC., et al, | |
| Defendants. | |

Alan Wasserman, Esq.
Louis J. Seminski, Esq.
WILENTZ, GOLDMAN & SPITZER, PC
90 Woodbridge Center Drive
Woodbridge, New Jersey 07095
*Attorneys for Plaintiff*

Eric R. Breslin, Esq.
DUANE MORRIS, LLP
744 Broad Street, Suite 1200
Newark, New Jersey 07102
*Attorneys for Defendants*

**ACKERMAN, Senior District Judge:**

      This matter comes before the Court on the motion (Doc. No. 7) to remand filed by Plaintiff Pegasus Blue Star Fund, LLC ("Pegasus"). The Court referred this motion to Magistrate Judge Esther Salas, who entered a written Report and Recommendation ("R&R") on December 31, 2008 recommending that Plaintiff's motion be denied. The docket indicates that both Plaintiff and Defendants have been served with the R&R, and that no objections to the R&R have been filed within the 10-day period established by Federal Rule of Civil Procedure 72(b)

1

and Local Civil Rule 72.1(c)(2).

A court must make a *de novo* determination of those portions of the R&R to which objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). While this Court need not review a Magistrate Judge's report before adopting it when no objections have been filed, *Thomas v. Arn*, 474 U.S. 140, 149 (1985), the Third Circuit has held that "the better practice is to afford some level of review to dispositive legal issues raised by the report," *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." *Id.* at 878.

This Court has carefully reviewed Magistrate Judge Salas's R&R. Pegasus sought remand on two grounds: (1) that the forum selection clause in the parties' loan agreement entitled Plaintiff to pursue its claims in state court, and (2) that Defendants' notice of removal was untimely under 28 U.S.C. § 1446(b), which provides that notice of removal must be filed within thirty days of a defendant's receipt of service. Magistrate Judge Salas rejected both arguments, concluding that the forum selection clause in the parties' loan agreement expressly permits suit in New Jersey federal court, and that the notice of removal was timely because one of the removing Defendants, Mark Canton, had not received formal service of process at the time of removal. Although Pegasus attempted service of Mr. Canton at the California business address where his movie production corporation, a co-Defendant, was believed to keep its offices, Magistrate Judge Salas held that such service did not comport with federal or state law requirements that

defendants be served at their "dwelling or usual place of abode" or place of business, and that Mr. Canton had not authorized service at that address. (R&R at 6–7 (quoting Fed. R. Civ. P. 4(e)(2)(B); citing Cal. Civ. Proc. Code § 415.20; N.J. Court Rule 4:4-4(a)(1)).[1]

Pegasus argued that the § 1446(b) filing period for *all* Defendants began when the first-served Defendants received service: on or before February 21, 2008. Because the notice of removal was filed more than thirty days later on March 26, 2008, Pegasus asserted that Defendants failed to meet the filing deadline. Magistrate Judge Salas recognized that the Courts of Appeals have split over whether § 1446(b)'s thirty-day removal period begins with the service of the first defendant, or instead resets with the service of each subsequent defendant. In the absence of guidance from the Third Circuit, Magistrate Judge Salas noted that the majority of courts in this Circuit have adopted a "later-served defendant rule," which permits earlier served defendants to join a later-served defendant's notice of removal, even if the earlier defendants' thirty-day window has closed, so long as the later-served defendant files a timely notice of removal. Magistrate Judge Salas adopted this rule, relying on Judge Greenaway's opinion in *Orlick v. J.D. Carton & Sons* that deemed the "later-served defendant rule" consistent with the Supreme Court's determination that service of process upon a defendant triggered the limitations period for removal. 144 F. Supp. 2d 337, 343 (D.N.J. 2001) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)). The Third Circuit's unanimity requirement necessitated the joining of the other Defendants to Mr. Canton's notice of removal, *see, e.g.*, *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995), and applying the "later-

---

[1]The Court notes that the R&R, while substantively correct on the law, incorrectly identifies the California and New Jersey rules as Cal. Civ. Proc. Code § 415.10 and N.J. Stat. Ann. 4:4-4(a)(1), respectively.

served defendant rule" rendered Defendants' joint notice timely because Mr. Canton had not received formal service of process at the time of filing.  In other words, the § 1446(b) clock had never started with regards to Mr. Canton.

After a thorough review of the record and the R&R, the Court agrees with Magistrate Judge Salas's reasoning and conclusions.  The plain text of the loan agreement's forum selection clause does not bar suit in this Court. (Defs.' Br., Ex. A at 2 ("Any legal action or proceeding with respect to this Note may be brought in the courts of the State of New Jersey sitting in the County of Middlesex or of [sic] the United States District Courts [sic] sitting in New Jersey.").) Magistrate Judge Salas correctly concluded that Mr. Canton had not been served in his personal capacity when Plaintiff attempted to serve him at the California business address, because he had not authorized service of process to an agent at that location.

Further, this Court agrees with the trend of courts in this Circuit that the "later-served defendant rule" is the proper application of § 1446(b)'s filing requirements in light of the Supreme Court's ruling in *Murphy Brothers*.  Cf. *Cmiech v. Electrolux Home Prods., Inc.*, 520 F. Supp. 2d 671, 677 (M.D. Pa. 2007) (collecting cases from Pennsylvania and New Jersey district courts adopting the "later-served defendant rule").  *Murphy Brothers* held that "a defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."  526 U.S. at 347–48 (internal quotation marks removed).  To adopt a "first-served defendant rule" as Plaintiff requests would unnecessarily narrow the *Murphy Brothers* interpretation of § 1446(b)'s filing requirements to first-served defendants, and simultaneously would deprive later-served

4

defendants of any say on the matter of removability. Because Mr. Canton had not been served in his personal capacity at the time he filed the notice of removal, the filing period had not expired when Defendants jointly filed a notice of removal on March 26, 2008.

    For these reasons, it is therefore hereby ORDERED that Magistrate Judge Salas's December 31, 2008 Report and Recommendation is ADOPTED, and Plaintiff's motion (Doc. No. 7) to remand is DENIED.

Newark, New Jersey  
Dated: February 9, 2009

                                              /s Harold A. Ackerman  
                                              U.S.D.J.