NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEGASUS BLUE STAR FUND, LLC,       )<br>                                                              )<br>                       Plaintiff,           )<br>                                                              )<br>           v.                                              )<br>                                                              )<br>CANTON PRODUCTIONS, INC; MARK   )<br>CANTON; 300 PICTURES, INC.;               )<br>ATMOSPHERE ENTERTAINMENT MM, LLC; )<br>JOHN and JANE DOES (names being fictitious); )<br>and ABC COMPANIES (names being fictitious), )<br>                                                              )<br>                       Defendants.        )<br>                                                              ) | Hon. Garrett E. Brown, Jr.<br><br>Civil Action No. 08-1533 (GEB) |

**BROWN**, Chief Judge:

This matter comes before the Court on the motion to dismiss (Doc. No. 25) filed by Plaintiff Pegasus Blue Star Fund, LLC ("Plaintiff"). Plaintiff seeks dismissal of all six counts of the Counterclaim filed by Canton Productions, Inc. ("CPI"), Mark Canton, and Atmosphere Entertainment MM, LLC ("Atmosphere") (collectively "Counterclaim Defendants"). For the following reasons, the Court will grant Plaintiff's motion to dismiss with respect to Counts One, Two, Four, Five, and Six of the Counterclaim, and deny Plaintiff's motion to dismiss with respect to Count Three of the Counterclaim.

*Background*

In August 2007, Plaintiff, a private equity investment fund with a principal place of business in New Jersey, and California-based Defendants CPI, Mark Canton, Atmosphere, and 300 Pictures, Inc., began communications regarding the inception of a business relationship in

which Plaintiff would provide financing for Defendants' film.  On August 23, 2007, the parties finalized and executed four loan documents: a secured promissory note (the "Note") evidencing a $500,000 financing transaction, a security agreement granting Plaintiff a security interest in certain of Defendants' collateral, a personal guaranty signed by Mr. Canton, and a side letter agreement providing certain compensation to Atmosphere as additional collateral for the financial obligation under the Note.

On February 6, 2008, Plaintiff filed a Complaint in the Superior Court of New Jersey against Defendants, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, fraud, equitable fraud, unjust enrichment, specific performance, and constructive trust.  Each count relates to the loan documents issued to Defendants, on which Plaintiff alleges Defendants have only repaid $200,000.  On March 26, 2008, Defendants CPI, Mr. Canton, and Atmosphere (collectively "Counterclaim Defendants") removed the state court action to this District.  On April 17, 2008, Counterclaim Defendants filed a Counterclaim against Plaintiff, asserting claims of extortion (Count One), usury (Count Two), economic duress (Counts Three and Four), public disclosure of private debt (Count Five), and false light (Count Six).  On July 28, 2009, Plaintiff filed a motion (Doc. No. 25) to dismiss all counts of the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## *Discussion*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what

---

[1] By order of August 10, 2009, the instant matter was reassigned to the undersigned.

the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

      Because a federal court sitting in diversity is required to apply the choice-of-law rules of the forum state, this Court applies New Jersey's choice-of-law rules to determine what law will govern. *See Thabault v. Chait*, 541 F.3d 512, 521 (3d Cir. 2008). New Jersey's choice-of-law rules employ a flexible, two-prong governmental-interest analysis. *Rowe v. Hoffman-La Roche, Inc.*, 189 N.J. 615, 621 (2007). The first prong requires the court to "'determine whether a conflict exists between the laws of the interested states.'" *Id.* (quoting *Veazey v. Doremus*, 103 N.J. 244, 248 (1986)). If no actual conflict exists, "then the choice-of-law question is

inconsequential, and the forum state applies its own law to resolve the disputed issue." *Id.* If there is a conflict, the second prong requires the court to "'identify the governmental policies underlying the law of each state'" and "'apply the law of the state with the greatest interest in governing the particular issue.'" *Id.* (quoting *Veazey*, 103 N.J. at 248).

      1. Count One - Extortion

The parties disagree over whether to apply New Jersey or California law to Counterclaim Defendants' civil extortion claim. The Court need not decide at this time which state's law applies, however, because the civil extortion claim fails under both New Jersey and California law. First, under New Jersey law, the civil extortion claim must be dismissed because New Jersey does not recognize a civil cause of action for extortion. *See Marangos v. Flarion Techs., Inc.*, No. 05-4919, 2007 WL 1302991, at *12 (D.N.J. May 1, 2007) (citing *Dello Russo v. Nagel*, 358 N.J. Super. 254, 267 (App. Div. 2003)). Second, under California law, the civil extortion claim must also be dismissed. California courts have recognized a cause of action for civil extortion where money was obtained by the wrongful threat of criminal or civil prosecution; however, "[t]o be actionable the threat of prosecution must be made with the knowledge of the falsity of the claim." *Fuhrman v. Cal. Satellite Sys.*, 231 Cal. Rptr. 113, 122 (Cal. Ct. App. 1986). In this case, Plaintiff instituted this civil action as a result of the alleged non-payment of monies owed pursuant to the loan documents signed by Counterclaim Defendants. Counterclaim Defendants have failed to allege that Plaintiff's civil prosecution was made with knowledge of the falsity of the claim. Therefore, this Court concludes that under either New Jersey or California law, Counterclaim Defendants' civil extortion claim must be dismissed.

2. Count Two - Usury

Plaintiff asserts that Counterclaim Defendants have failed to state a claim for usury against Plaintiff. Counterclaim Defendants argue pursuant to New Jersey law that, including the default rate of interest under the Note, the total interest rate exceeds the permissible maximum interest rate that may be charged to a borrower pursuant to N.J. Stat. Ann. § 31:1-1. Under New Jersey law, however, a corporate debtor may not "plead or set up the defense of usury to any action brought against it to recover damages or enforce a remedy on any obligation executed by said corporation." N.J. Stat. Ann. § 31:1-6; *see also Tobia v. Shad River Corp.*, No. 89-3198, 1990 WL 4624, at *2 (D.N.J. Jan. 16, 1990); *Selengut v. Ferrara*, 203 N.J. Super. 249, 258 (App. Div. 1985). Moreover, individual guarantors, sureties, and endorsers on the corporate obligations are precluded from asserting usury as a defense as well. *Selengut*, 203 N.J. Super. at 259; *see also Tobia*, 1990 WL 4624, at *2. Because the loan documents in this case were executed by a corporation, and Mr. Canton served as a guarantor, Counterclaim Defendants are precluded from asserting a usury claim against Plaintiff under New Jersey law.

In addition to being barred by N.J. Stat. Ann. § 31:1-6, Counterclaim Defendant's usury claim must also fail because New Jersey's usury statute "does not apply to interest on defaulted obligations." *Loigman v. Keim*, 250 N.J. Super. 434, 437 (Law Div. 1991); *see also Stuchin v. Kasirer*, 237 N.J. Super. 604, 612 (App. Div. 1990) ("[I]t is not illegal to provide for an interest rate higher than that permitted by the usury laws if the rate is only applied after default."). Counterclaim Defendants' allegations rely on the default interest rates set forth in the Note, and they have not alleged that the interest rate alone, not including those default rates, exceeds the permissible maximum interest that may be charged under New Jersey law. Therefore, this Court

5

will dismiss Counterclaim Defendants usury claim against Plaintiff.

      3. <u>Counts Three and Four - Economic Duress</u>

In Counts Three and Four, Counterclaim Defendants assert two theories of economic duress, the first relating to conduct prior to executing the loan documents (Count Three) and the second relating to conduct after executing the loan documents (Count Four). The parties do not contend that a conflict exists between the economic duress laws of New Jersey and California. This Court agrees that no conflict exists and will therefore apply New Jersey law. *See Rowe*, 189 N.J. at 621. Under New Jersey law, in order to state a claim for economic duress, "the party (1) 'must show that he has been the victim of a wrongful or unlawful act or threat,' and (2) 'such act or threat must be one which deprives the victim of his unfettered will.'" *Shafer v. United Gen. Title Ins. Co.*, No. 08-2884, 2009 WL 2058524, at *5 (D.N.J. July 7, 2009) (quoting *Cont'l Bank of Pa. v. Barclay Riding Acad.*, 93 N.J. 153, 178 (1983)). Additionally, "[t]he wrongful act must encompass more than 'merely taking advantage of another's financial difficulty.' Rather, to establish economic duress, one's financial difficulty must have been 'contributed to or caused by the one accused of coercion.'" *Id.* (quoting *Cont'l Bank of Pa.*, 93 N.J. at 178).

In Count Three, Counterclaim Defendants allege that Plaintiff made representations to them in order to induce them to cease efforts to obtain financing from third parties other than Plaintiff. They allege that they relied on Plaintiff's representations and stopped seeking financing from other third parties. They assert that Plaintiff was aware that they had been induced to forego alternative opportunities for the necessary financing they sought from Plaintiff. Furthermore, Counterclaim Defendants allege that once all other opportunities to obtain financing had been eliminated, Plaintiff, on the day the parties planned to execute the loan

documents, materially altered the terms of the agreement between the parties by increasing the total interest charged and adding an increased "commitment" fee of $62,500 to be paid to Plaintiff. Counterclaim Defendants assert that Plaintiff's acts deprived them of their unfettered will and that they entered into the loan agreement under economic duress.

This Court concludes that Counterclaim Defendants' allegations, viewed in a light most favorable to them, are sufficient to withstand Plaintiff's motion to dismiss. Counterclaim Defendants have sufficiently alleged that Plaintiff made representations to induce them to cease their efforts to obtain financing from third parties and then materially altered the terms of their agreement at the last minute knowing that their other options for financing had been eliminated by Plaintiff's inducement. Therefore, this Court concludes that Plaintiff's motion to dismiss Count Three of the Counterclaim must be denied.

In Count Four, Counterclaim Defendants allege that Plaintiff made several threats to induce payment and that those threats deprived them of their unfettered will. Counterclaim Defendants' allegations are based on Plaintiff's alleged threats made after the parties executed the loan agreements. Counterclaim Defendants have failed to plead factual content that would allow the Court to draw the reasonable inference that Counterclaim Defendants' payments to Plaintiff were the result of a wrongful or unlawful act on behalf of Plaintiff as opposed to the act of seeking repayment of a loan. In this context, Counterclaim Defendants have failed to allege sufficient facts to make plausible that Plaintiff's post-execution actions deprived them of their unfettered will. Thus, this Court will dismiss Count Four of the Counterclaim.

    4. <u>Counts Five and Six - Public Disclosure of Private Debt and False Light</u>

In support of their claims of public disclosure of private debt and false light,

Counterclaim Defendants allege that Plaintiffs "disseminated information to third parties regarding the private debt incurred by Defendants" and that Plaintiffs "published certain material regarding the Defendants" that was "false, and highly offensive." (Answer at 20-21.) Counterclaim Defendants, having offered no more than a formulaic recitation of the elements of the causes of action, have failed to allege sufficient factual content that would allow this Court to draw a reasonable inference that Defendant is liable for public disclosure of private debt or false light. Therefore, this Court will dismiss Counterclaim Defendants' claims of public disclosure of private debt (Count Five) and false light (Count Six).

## *Conclusion*

For the foregoing reasons, this Court will grant Plaintiff's motion to dismiss with respect to Counts One, Two, Four, Five, and Six of the Counterclaim, and deny Plaintiff's motion to dismiss with respect to Count Three of the Counterclaim. An appropriate form of order accompanies this Memorandum Opinion.

Dated: October 6, 2009

                                                    S/Garrett E. Brown, Jr.
                                                    Garrett E. Brown, Jr., Chief Judge
                                                    United States District Court